

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 25, 1971

Honorable Preston Smith
Governor of Texas
Austin, Texas

Opinion No. M-874

Re: Whether the Governor may
veto proposed constitutional
amendments

Dear Governor Smith:

Your request for an opinion on the above subject matter

asks the following questions:

"1. Does the Constitution require that all
proposed House Joint Resolutions and Senate Joint
Resolutions be submitted to the Governor for approval?

"2. May the Governor veto a proposed House Joint
Resolution or Senate Joint Resolution in like manner as
he may veto a bill?

"3. Are the same Constitutional requirements
applicable to the overriding of a veto of a proposed
House Joint Resolution or Senate Joint Resolution as
are applicable to a bill?

"4. If a proposed House Joint Resolution or
Senate Joint Resolution is received by the Governor
within the final ten days of the Session, may he,
after adjournment of the Legislature, file same, with
his objections, in the Office of the Secretary of
State and give notice thereof by public proclamation
within twenty days after adjournment and thereby prevent
same from becoming law?"

-4260-

Our answers to your questions are based on the assumption that the House Joint Resolutions or the Senate Joint Resolutions concerning which you inquired propose Constitutional amendments. Therefore, our answers to your questions are limited to a consideration only of those House Joint Resolutions or Senate Joint Resolutions which propose Constitutional amendments.

Pursuant to the rules of the Texas Legislature all proposed Constitutional amendments must be submitted in the form of either House Joint Resolutions or Senate Joint Resolutions. We are advised that this has been the constant practice of the Legislature.

Section 14 of Article IV of the Constitution of Texas provides:

"Every bill which shall have passed both houses of the Legislature shall be presented to the Governor for his approval. If he approve he shall sign it; but if he disapprove it, he shall return it, with his objections, to the House in which it originated, which House shall enter the objections at large upon its journal, and proceed to reconsider it. If after such reconsideration, two-thirds of the members present agree to pass the bill, it shall be sent, with the objections, to the other House, by which likewise it shall be reconsidered; and, if approved by two-thirds of the members of that House, it shall become a law; but in such cases the votes of both Houses shall be determined by yeas and nays, and the names of the members voting for and against the bill shall be entered on the journal of each House respectively. If any bill shall not be returned by the Governor with his objections within ten days (Sundays excepted) after it shall have been presented to him, the same shall be a law, in like manner as if he had signed it, unless the Legislature, by its adjournment, prevent its return, in which case it shall be a law, unless he shall file the same, with his objections, in the office of the Secretary of State and give notice thereof by public proclamation within twenty days after such adjournment. If any bill presented to the Governor contains several items of appropriation he may object to one or more of such items, and approve the other portion of the bill. In such case he shall append to the bill, at the time of signing it, a statement of the items to which he objects, and no item so objected to shall take effect. If the Legislature be in session, he shall transmit to the House in which the bill originated a copy of such statement and the items objected to shall be separately considered. If, on reconsideration, one or more of such items be approved by two-thirds of the members present of each House, the same shall be part of the law, notwithstanding the objections of the Governor. If any such bill, containing several items of appropriation, not having been presented to the Governor ten days (Sundays excepted) prior to adjournment, be in the hands of the Governor at the time of adjournment, he shall have twenty days from such adjournment within which to file objections to any items thereof and make proclamation of the same, and such item or items shall not take effect."

It has been judicially determined that the executive veto power is found <u>alone</u> in Section 14 of Article IV of the Constitution of Texas. <u>Fulmore v. Lane,</u> 104 Tex. 499, 140 S.W. 405 (1911); Annotation, 35 A.L.R. 600, and cases cited therein. In <u>Fulmore v. Lane,</u> supra, the Court stated:

> "...The executive veto power is to be found alone in section 14, art. 4 of the Constitution of this state. By that section he is authorized to disapprove any bill in whole, or, if a bill contains several items of appropriation, he is authorized to object to one or more of such items. Nowhere in the Constitution is the authority given the Governor to approve in part and disapprove in part a bill. The only additional authority to disapprove a bill in whole is that given to object to an item or items, where a bill contains several items of appropriation. It follows conclusively that where the veto power is attempted to be exercised to object to a paragraph or portion of a bill other than an item or items, or to language qualifying an appropriation or directing the method of its uses, he exceeds the constitutional authority vested in him, and his objection to such paragraph, or portion of a bill, or language qualifying an appropriation, or directing the method of its use, becomes noneffective. ...." (At p.412)

For additional authorities on veto powers of the Governor, see Attorney General's Opinion V-1196 (1951) and authorities cited therein.

Section 1 of Article XVII of the Constitution of Texas is the only provision in the Constitution concerning the method of amending the Constitution of Texas. Attorney General's Opinion V-850 (1949). Section 1 of Article XVII provides:

"The Legislature, at any biennial session, by a vote of two-thirds of all the members elected to each House, to be entered by yeas and nays on the journals, may proposed amendments to the Constitution, to be voted upon by the qualified electors for members of the Legislature, which proposed amendments shall be duly published once a week for four weeks, commencing at least three months before an election, the time of which shall be specified by the Legislature, in one weekly newspaper of each county, in which such a newspaper may be published; and it shall be the duty of the several returning officers of said election, to open a poll for, and make returns to the Secretary of State, of the number of legal votes cast at said election for and against said amendments; and if more than one be proposed, then the number of votes cast for and against each of them; and if it shall appear from said return, that a majority of the votes cast, have been cast in favor of any amendment, the said amendment so receiving a majority of the votes cast, shall become a part of this Constitution, and proclamation shall be made by the Governor thereof."

In construing the above quoted provision, it was held in

Attorney General's Opinion V-850:

"By this Article the Legislature is given the power to propose amendments to the Constitution and to specify the date upon which the proposal shall be voted upon by the people. The mandatory formalities with which the Legislature must comply in the exercise of this broad power are that:

"(1) two-thirds of all members elected must vote for the proposal, and

"(2) the vote must be entered by yeas and nays on the journals.

"The Legislature is at liberty to choose any method it desires for proposing constitutional amendments so long as none of the provisions of Article XVII are violated."

The Legislature is not exercising its ordinary legislative function when proposing constitutional amendments and the provisions applicable to ordinary enactments are not applicable.

In Dodd, The Revision and Amendment of State Constitutions (1910), this principle is stated as follows:

> "With reference to restrictions in the constitution itself, it may be said that the legislature as a body for the proposal of amendments is bound only by the rules specifically laid down in the article of the constitution which regulates the amending process -- that is, it is not bound by the requirements that its action as a regular legislative body be submitted to the governor nor by the numerous restrictions usually imposed as to the procedure on regular legislative bills. ...."

In view of the foregoing, you are advised that the Governor does not have veto powers over proposed constitutional amendments. In view of our answer to this question, it is unnecessary to answer the remaining questions.

### S U M M A R Y

The Governor does not have constitutional power to veto proposed constitutional amendments. Article IV, Section 14, Texas Constitution; Article XVII, Section 1, Texas Constitution; Fulmore v. Lane, 104 Tex.499, 140 S.W. 405

(1911); Annotation, 35 A.L.R. 600, and cases

cited therein.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
Jack Goodman
Scott Garrison
Pat Bailey

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant